# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

────────

No. 16-40298

────────

United States Court of Appeals
Fifth Circuit

**FILED**
October 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

2005 PILATUS AIRCRAFT, BEARING TAIL NO. N679PE

      Defendant

PABLO ZARATE JUAREZ; VIZA CONSTRUCTION, L.L.C.; PREMIER INTERNATIONAL HOLDINGS, LIMITED,

      Claimants - Appellants

──────────────

Appeals from the United States District Court
for the Southern District of Texas

──────────────

Before REAVLEY, DAVIS, and JONES, Circuit Judges.

REAVLEY, Circuit Judge:

This appeal follows a criminal investigation which resulted in the United States Government seizing a 2005 Pilatus Aircraft, Bearing Tail No. N679PE, and instituting a civil forfeiture proceeding against the plane. Subsequently, Pablo Zarate Juarez ("Zarate"), a Mexican citizen, claimed an interest in the aircraft, individually and on behalf of Viza Construction, L.L.C. and Premier

No. 16-40298

International Holdings, Limited, (collectively "Claimants")[1]. Zarate, while in Mexico, was indicted on money laundering conspiracy and bank fraud charges related to the civil forfeiture of the aircraft. The Government moved, against Claimants' opposition, to dismiss the claims to the aircraft under the Fugitive Disentitlement statute, 28 U.S.C. § 2466, which prevents a claimant who is a fugitive from justice from contesting the civil forfeiture. The district court dismissed the claims under § 2466 and denied Claimants' motion to stay the civil proceedings. We affirm.

## I.

The "fugitive disentitlement doctrine," dating back to the late 19th century, authorized "an appellate court to dismiss an appeal or writ in a criminal matter when the party seeking relief becomes a fugitive." *United States v. Degen*, 517 U.S. 820, 823, 116 S. Ct. 1777, 1780 (1996) (Citing *Ortega–Rodriguez v. United States,* 507 U.S. 234, 239, 113 S. Ct. 1199, 1203, (1993); and *Smith v. United States,* 94 U.S. 97, 24 (1876). An issue existed as to whether this disentitlement applied to civil forfeiture cases until Congress resolved the issue by enacting 28 U.S.C. § 2466, which provides that:

> (a) A judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon a finding that such person--
> (1) after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution--
> (A) purposely leaves the jurisdiction of the United States;
> (B) declines to enter or reenter the United States to submit to its jurisdiction; or
> (C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; and

---

[1] Zarate ultimately withdrew his individual claim after the district court ordered him to personally appear for deposition.

2

No. 16-40298

(2) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.

(b) Subsection (a) may be applied to a claim filed by a corporation if any majority shareholder, or individual filing the claim on behalf of the corporation is a person to whom subsection (a) applies.

28 U.S.C. § 2466. Our issue is whether the Government proved that Zarate declined to enter/reenter the United States to submit to its jurisdiction, or otherwise evaded the criminal court's jurisdiction.

## II.

Claimants argue on appeal that: (1) the Government did not prove Zarate remained outside the United States to intentionally avoid criminal prosecution; (2) Zarate's due process rights were violated; and (3) the district court abused its discretion by dismissing the claims instead of granting a stay.

A.    *Zarate remained outside United States to deliberately escape prosecution*

The Government demonstrates the court's findings in *United States v. $671,160.00 in U.S. Currency*, 730 F.3d 1051, 1057 (9th Cir. 2013) to be consistent with the instant case in finding that a totality of the circumstances showed that Zarate deliberately remained away from the United States to avoid criminal prosecution. We agree.[2] Zarate had previously visited the United States approximately 100 times in less than three years prior to the seizure of the aircraft. The record also established that Zarate has family residing in this country, as well as significant business interests here. Yet, he

---

[2] The same is true here as the court said there: "There is no dispute that Ionita knows full well that he is wanted by the State of California. Ionita's attempt to reclaim the defendant funds by litigating the civil forfeiture claim while avoiding answering the criminal charge is precisely the situation that the Fugitive Disentitlement Statute was enacted to address." *Id.* at 1056.

chose not to return to the United States after the seizure of the plane in June 2012.

### B.    *Application of fugitive disentitlement does not violate Claimants' due process rights*

Claimants next contend that Zarate's choice of whether or not to enter the United States to fight the civil forfeiture of the plane or to face criminal prosecution was a violation of his due process rights, specifically his rights under the Mexico-United States extradition treaty.  For support, Claimants cite the Supreme Court's decision in *Simmons v. United States*, 390 U.S. 377 (1968), wherein the Court found it "intolerable that one constitutional right should have to be surrendered in order to assert another" when a criminal defendant was faced with giving up his Fourth Amendment rights or Fifth Amendment privilege against self-incrimination. Zarate has no rights to claim because of that treaty.  The United States does not seek to extradite, and a right to be heard is waived by not seeking it.  *See U.S. v. Batato*, ___ F.3d ___, No. 15-1360, 2016 WL 4254916 (4th Cir. Aug. 12, 2016).

### C.    *District court did not abuse its discretion in denying stay*

Finally, Claimants argue that the district court abused its discretion in dismissing their claims instead of granting a stay of the civil forfeiture proceeding.[3]  We disagree.  The district court denied the requested stay first because Zarate is a fugitive from justice.  The district court also noted Claimants' inconsistent positions regarding the stay in the matter. The record reveals that Claimants repeatedly opposed the Government's

---

[3] 28 U.S.C. 981(g)(2) provides that "Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that (A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case."

No. 16-40298

motions/extensions for stay, did not oppose when the Government moved to lift the stay, but then filed for a stay on their own behalf. Moreover, the district court explained that Zarate failed to personally appear in any proceedings related to the forfeiture action – only appearing telephonically in one hearing – and has not answered discovery or provided otherwise meaningful participation in the forfeiture action.

## III.

Since the record supports a finding that Zarate remained outside the United States to intentionally avoid criminal prosecution, the elements of § 2466 are met and the claims in opposition lack merit, the judgment is affirmed.

AFFIRMED.